IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CR-25-KAC-HBG ) |
| RICKY DAVIS, and SCOTT ELLIOT WARDLEY, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on February 26, 2021, for a motion hearing and status conference on the schedule in this case. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Christopher Rodgers appeared with Defendant Ricky Davis, who was also present. Attorney Stephen G. McGrath appeared telephonically on behalf of Defendant Wardley, who was excused from this hearing.

The Court first addressed the Motion for Court to Replace Counsel of Record and Appoint New Counsel [Doc. 87], filed on February 12, 2021, by Attorney Rodgers. The Court substituted and appointed Mr. Rodgers as counsel of record for Defendant Davis on October 1, 2020 [Doc. 76]. In the motion, Mr. Rodgers states that counsel and Defendant Davis disagree on all matters of fact and procedure in this case, which has rendered communication nearly impossible. The motion states that Defendant Davis does not trust counsel or his private investigator and has stated that he believes they are working with the prosecution to convict him. The motion relates that the Defendant wants new counsel and wanted counsel to file the instant motion.

At the hearing, Mr. Rodgers stated that Defendant Davis has lost all trust in him. Mr. Rodgers stated that he believes the attorney-client relationship to be irreparably broken. The

Court question Defendant Davis, who was sworn and who agreed that he wanted the Court to substitute counsel. AUSA Stone stated that the Government does not oppose the motion. Based upon the representations of the Defendant and Mr. Rodgers, the Court finds that a breakdown has occurred in the trust and communication necessary to the attorney-client relationship. The Court also finds this loss of trust and communication compromises Mr. Rodgers's ability to present an adequate defense and to render effective assistance of counsel. The Court concludes that the breakdown of the attorney-client relationship is irreparable. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, the Motion for Court to Replace Counsel of Record and Appoint New Counsel [**Doc. 87**] is **GRANTED**, and Mr. Rodgers is relieved as counsel of record for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). The Court directed Mr. Rodgers to provide the discovery and the information from the Defendant's file to new counsel soon as possible. The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Jamie Poston Hughes was present and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Ms. Hughes under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Ricky Davis. The Court encourages Defendant Davis to make every effort to work with Ms. Hughes through the remainder of this case.

Following the substitution of new counsel for Defendant Davis, the Court turned to the schedule in this case. This case was last set for trial on December 8, 2020 [see Doc. 60]. A Superseding Indictment was filed on June 16, 2020, adding Defendant Wardley [Doc. 58]. On October 23, 2020, Defendant Wardley moved to continue the December 8 trial date and schedule in this case, arguing that counsel needs additional time to prepare for trial and to evaluate the need for pretrial motions [Doc. 78]. The motion states that the Government does not oppose the

request. United States District Judge Waverly D. Crenshaw held a status conference with the parties on October 30, 2020, and granted the motion to continue [Doc. 81].[1] Judge Crenshaw set a status conference for December 18, 2020, to set the new trial date and schedule. However, this status conference was canceled, and the case was reassigned to United States District Judge Katherine A. Crytzer on December 30, 2020 [Doc. 86].

At the February 26, 2021 hearing the parties agreed on a new trial date of June 29, 2021. The Court finds that a continuance is necessary in this case and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that a continuance of the December 8 trial date was warranted to permit counsel for Defendant Wardley time to review discovery and determine whether he would file pretrial motions on behalf of his client. The Court also finds that Mr. Rodgers, then new counsel for Defendant Davis, took over the litigation of a motion to dismiss the Indictment filed by prior counsel. The Court held an evidentiary hearing on the motion to dismiss on November 18, 2020, and filed a Report and Recommendation on the motion to dismiss on December 17, 2020 [Doc. 85]. Thus, the Court finds that the time between the filing of the motion to continue on October 23, 2020, and the former trial date of December 8 is excludable due to the need for trial preparation by counsel for Defendant Wardley and litigation of Defendant Davis's motion. 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(B)(iv).

Additionally, the Court observes that during much of the time between Judge Crenshaw's October 30, 2020 status conference and the instant February 26 motion hearing, jury

---

[1] Whether Defendant Davis objected or concurred in the motion to continue is not noted in the minutes, nor in Judge Crenshaw's Order [see Docs. 80 & 81]. However, the Court observes that Defendant Davis received new counsel on October 1, 2020, and was pursuing a motion to dismiss the Indictment at the time of the status conference.

3

trials were not held in this district, pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. The Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21. On January 4, 2021, Chief Judge McDonough extended the deferral of jury trials through February 28, 2021, also finding that all time through that date is excludable under the Speedy Trial Act. E.D.TN SO-21-01.

Here, the Court finds that a continuance beyond February 28, 2021, is necessary to permit new counsel for Defendant Davis to prepare for trial. Ms. Hughes was substituted, ath the request of Defendant Davis, on February 26, 2021. The Court finds that Ms. Hughes needs time to familiarize herself with the discovery, to meet with Defendant Davis, to investigate the facts of the case, and to prepare for trial. The Court concludes that without a continuance, new defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The trial of this case is reset to **June 29, 2021**. The Court finds that all the time between the filing of Defendant Wardley's motion to continue on October 23, 2020, and the new trial date of June 29, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B); E.D.TN SO-20-21; E.D.TN SO-21-01. The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Motion for Court to Replace Counsel of Record and Appoint New Counsel [**Doc. 87**], filed by counsel at the request of Defendant Davis, is **GRANTED**;

(2) Attorney Christopher Rodgers is **RELIEVED** of his representation of Defendant Davis and is **DIRECTED** to provide the discovery and the information from Defendant's file to new counsel as soon as possible;

(3) Attorney Jamie Poston Hughes is **SUBSTITUTED** and **APPOINTED** as Defendant Davis's counsel of record under the CJA;

(4) The trial of this matter is reset to commence on **June 29, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(5) All time between the filing of Defendant Wardley's motion on **October 23, 2020**, and the new trial date of **June 29, 2021,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 28, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **June 11, 2021, at 11:00 a.m.**;

(8) The deadline for filing motions *in limine* is **June 14, 2021**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 18, 2021**.
**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge